IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR - 7 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-07-001 |
| $66,173.50 in U.S. Currency, $4,920.00 in U.S. Currency, 2004 FORD F-150, and 2005 CHEVROLET AVALANCHE, | § § § § § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on March ____, 2007, the Court **GRANTED** Plaintiff's Motion for Leave to Amend Complaint for Forfeiture In Rem. Dkt. No. 13.

### I.   Background

The present case is a civil forfeiture action against enumerated properties allegedly subject to forfeiture under 21 U.S.C. § 881(a)(4), (6) and 18 U.S.C. § 981(a)(1)(A). Dkt. No. 1, at 1–2; Dkt. No. 13, at 1–2. The Government maintains that the defendant properties are proceeds that were used to facilitate a violation of 21 U.S.C. § 801 *et seq*. Rodolfo de Jesus Guzman ("Guzman") has filed a Notice of Claim of interest in the properties that are currently defendants to the instant forfeiture action. Dkt. No. 9. Guzman has also field an answer to the Government's original complaint. Dkt. No. 8. Presently, the Government seeks leave to file an amended complaint, which will join an additional real property defendant and include further factual details regarding the basis for the forfeiture proceedings. Dkt. No. 13. In the instant motion, counsel for the Government indicated that they were unable to confer with counsel for Guzman regarding whether Guzman is opposed to the Government's motion, and they therefore assumed that

Guzman was opposed to the instant motion. *Id.* at 6–7. However, Guzman failed to file a timely response.[1]

## II.   Standard

A civil forfeiture action is governed by the Supplemental Rules as well as the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the Supplemental Rules.  Rule A, Supplemental Rules for Certain Admiralty and Maritime Claims; see Rule C of the Supplemental Rules; United States v. One 1978 Piper Navajo PA-31, Aircraft, 748 F.2d 316, 318 n.5 (5th Cir. 1984).  The Supplemental Rules do not include specific provisions pertaining to amendments of complaints.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires."  Whether to grant or deny leave to amend is within the trial court's discretion, and "denial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing party."  Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, 79 F.3d 480, 484 (5th Cir. 1996).  A court must consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive [on the part of the movant], (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party [by virtue of allowance of the amendment], and (5) futility of the amendment." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962))).  In the absence of any of these factors, the requested leave should be freely granted. *Foman*, 371 U.S. at 182.

## III.   Analysis

In the instant motion, the Government requests leave to amend its complaint to include another real property defendant and bolster its claims with additional factual

---

[1] The instant motion was filed on February 9, 2007, and any response to the motion must have been filed by March 1, 2007 in order to be considered timely. CHAMBER R. CIV. P. 5.D, G.

details. Dkt. No. 13. Specifically, the Government seeks to include real property that allegedly represents proceeds of trafficking controlled substances and is involved in a transaction, or attempted transaction, in violation of money laundering statutes, pursuant to 18 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). Dkt. No. 13, at 2. The additional details with which the Government wishes to amend its complaint pertain to the proposed additional defendant property and the developments of the criminal proceeding related to the present action. Dkt. No. 13, Att. A at 3–7; see United States v. Rodolfo de Jesus Guzman, Criminal No. B-06-710-02, Sentencing, Feb. 6, 2007, (S.D. Tex. 2007).

The Court finds that the factors set forth in *Foman* warranting a denial of leave to amend are not present in this matter. There is no evidence of undue delay or bad faith on the part of the Government in requesting leave to amend its complaint. Additionally, the Government has not been granted any previous opportunities to amend its complaint, and thus it has not repeatedly failed to cure any deficiencies in its complaint. Furthermore, the Court finds that granting the Government the leave requested will not cause undue prejudice to claimant Guzman. The forfeiture action is near the beginning of its proceedings, and Guzman will have ample time and opportunity to prepare and present his claims in the defendant properties. The Court also finds that the inclusion of additional factual details will provide Guzman with additional notice of the Government's claims and will aid both parties in preparing their cases. Accordingly, the Court finds that the Government's proposed amendments to its complaint will not be futile or frivolous. Thus, the Court concludes that the Government should be granted leave to amend its complaint as requested.

### IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint for Forfeiture In Rem. Dkt. No. 13.

DONE at Brownsville, Texas, this 6th day of March, 2007.

Hilda G. Tagle
United States District Judge